UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY JOANNE CHAMBERS,

    Plaintiff,

v.                                                 Case No:   2:13-cv-809-FtM-38CM

HALSTED FINANCIAL
SERVICES, LLC,

    Defendant.
_____

## ORDER

Before the Court is Plaintiff's Request for Clerk's Certificate of Default (Doc. 12) and Response to Order to Show Cause, filed on May 14, 2014.  Plaintiff Mary Joanne Chambers moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's default against Defendant Halsted Financial Services, LLC ("Halsted") for failure to respond to the Complaint, which alleges that Defendant violated the Fair Debt Collection Practices Act.  Doc. 1.  For the reasons that follow, the Motion is due to be denied without prejudice.

Pursuant to Federal Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process.  *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a company can be made by any manner accepted in the state or by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Under Florida law, process may be effected on a domestic or foreign limited liability company ("LLC") such as the Defendant, by serving the LLC's registered agent. Fla. Stat. § 48.062. If the registered agent cannot be located or is unavailable for service, an employee of the registered agent, member of a member-managed LLC, manager of a manger-managed LLC, or an employee of the LLC may be served. Fla. Stat. § 48.062(2). If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, it may designate an employee of the LLC to accept such service.[1] Fla. Stat. § 48.062(c). If, however, "after reasonable diligence," service of process cannot be completed on one of the aforementioned individuals, service may then be effected upon Florida's Secretary of State.[2] Fla. Stat. § 48.062(3).

---

[1] Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. 48.091(1)-(2).

[2] The Court previously issued an Order to Show Cause regarding Plaintiff's Return of Service (Doc. 6), which shows that the Florida Division of Corporations was served on December 23, 2013, rather than Defendant's registered agent under the Florida statute. Doc. 10. Thus, the Court ordered Plaintiff to show cause why service of process in this case is proper under the Federal Rules of Civil Procedure and Florida law and why Plaintiff failed to move for default within 60 days of service pursuant to Local Rule 3.10(a). *Id.* Plaintiff's Response (Doc. 11) details Plaintiff's efforts to serve Defendant.

In this case, on December 13, 2013, Plaintiff first attempted service on Pran Navanandan, at 26288 Still Water Circle, Punta Gorda, Florida, as registered agent for Halsted. Doc. 11 at ¶ 4-5. Mr. Navanandan is listed as the registered agent for Halsted with the Florida Department of State, Division of Corporations. *Id.* at ¶ 3-4. The Affidavit of Non-Service states that service at this address was unsuccessful as the process server was unable to locate the registered agent at this address. Doc. 11 at ¶ 6; Doc. 11-1. An individual by the name of "Judy" was at the address and stated that she moved in three years ago and has never heard of Halsted. Doc. 11-1.

Because Plaintiff was unable to serve Halsted at the address listed for its registered agent, it served process on the Florida Department of State, Division of Corporations, which accepted service on behalf of Halsted, filed on January 3, 2014. Doc. 11-3. Plaintiff argues that it has properly served substitute process on the Florida Department of State, as set forth in the Return of Service. Doc. 6. Halsted has failed to enter an appearance in this matter or respond to the Complaint.

The Court finds that service of process was not yet been properly effected pursuant to Fla. Stat. § 48.062. The statute states that if service cannot be made on a registered agent of the LLC, or if its registered agent cannot with reasonable diligence be served, process against the LLC may be served on a manager of the LLC. Fla. Stat. § 48.062(2)(b). The Court has reviewed the information for Halsted that is on file with the Florida Department of State, Division of Corporations at www.sunbiz.org, and notes that two managers are listed for Halsted: Pran

Navanandan, at 802 Wolfram Street, Chicago, Illinois, 60657 and Syed Ali, at 8548 N. Karlov, Skoki, Illinois, 60076. Plaintiff does not state whether she has attempted service of either of these managers at the addresses listed. Thus, Plaintiff has shown not shown that "after reasonable diligence," service of process could not be completed on one of the individuals listed in Fla. Stat. 48.062, such that service on the Secretary of State was proper. Therefore, the Motion will be denied without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Request for Clerk's Certificate of Default (Doc. 12) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record