UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY JOANNE CHAMBERS,

      Plaintiff,

v.                                                    Case No:   2:13-cv-809-FtM-38CM

HALSTED FINANCIAL
SERVICES, LLC,

      Defendant.

_____

## ORDER

Before the Court is Plaintiff's Second Request for Clerk's Certificate of Default (Doc. 15) filed on July 22, 2014.[1]   Plaintiff Mary Joanne Chambers moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's default against Defendant Halsted Financial Services, LLC ("Halsted") for failure to respond to the Complaint, which alleges that Defendant violated the Fair Debt Collection Practices Act.   Doc. 1.   For the reasons that follow, the Motion is due to be granted.

Pursuant to Federal Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P. 55(a).   Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected

---

[1] On May 20, 2014, the Court denied Plaintiff's first request without prejudice because service has not yet been properly effected pursuant to Fla. Stat. § 48.062.   Doc. 13.

service of process.  *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a company can be made by any manner accepted in the state or by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1).  Under Florida law, process may be effected on a domestic or foreign limited liability company ("LLC") such as the Defendant, by serving the LLC's registered agent.  Fla. Stat. § 48.062.  If the registered agent cannot be located or is unavailable for service, an employee of the registered agent, member of a member-managed LLC, manager of a manger-managed LLC or an employee of the LLC may be served.  Fla. Stat. § 48.062(2).  If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, the LLC may designate an employee of the LLC to accept such service.[2]  Fla. Stat. § 48.062(c).  If, however, "after reasonable diligence," service of process cannot be completed on one of the aforementioned individuals, service may then be effected upon Florida's Secretary of State.  Fla. Stat. § 48.062(3).

In this case, on December 13, 2013, Plaintiff first attempted service on Pran Navanandan, at 26288 Still Water Circle, Punta Gorda, Florida, as registered agent

---

[2] Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. 48.091(1)-(2).

for Halsted.   Doc. 11 at ¶ 4-5.   Mr. Navanandan is listed as the registered agent for Halsted with the Florida Department of State, Division of Corporations.   *Id.* at ¶ 3-4.   The Affidavit of Non-Service states that service at this address was unsuccessful as the process server was unable to locate the registered agent at this address.   Doc. 11 at ¶ 6; Doc. 11-1.   An individual by the name of "Judy" was at the address and stated that she moved in three years ago and has never heard of Halsted.   Doc. 11-1.

Because Plaintiff was unable to serve Halsted at the address listed for Mr. Navanandan as its registered agent, it served process on the Florida Department of State, Division of Corporations, which accepted service on behalf of Halsted, filed on January 3, 2014.   Doc. 11-3.   Plaintiff argued in its first request for clerk's default that it had properly served substitute process on the Florida Department of State, as set forth in the Return of Service.   Doc. 6.   The Court found that service of process had not yet been properly effected pursuant to Fla. Stat. § 48.062, as the statute states that if service cannot be made on a registered agent of the LLC, or if its registered agent cannot with reasonable diligence be served, process against the LLC may be served on a manager of the LLC.   Fla. Stat. § 48.062(2)(b).   Doc. 13.   In its Order, the Court noted that it had reviewed the information for Halsted on file with the Florida Department of State, Division of Corporations at www.sunbiz.org, and observed that two managers are listed for Halsted: Pran Navanandan, at 802 Wolfram Street, Chicago, Illinois, 60657 and Syed Ali, at 8548 N. Karlov, Skoki, Illinois, 60076.   *Id.* at 3-4.   Because Plaintiff did not state whether she had

attempted service of either of the managers at the listed addresses, the Court denied the first request without prejudice.   *Id.*

Thereafter, on May 22, 2014, Plaintiff served Syed Ali, at 8548 N. Karlov, Skoki, Illinois, 60076, as registered agent for Halsted.   *See* Affidavit of Service, Doc. 14.   Affidavits by process servers constitute a *prima facie* showing that defendants have been served.   *See Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 941 (11th Cir. 1995) (letter from Florida Secretary of State acknowledging acceptance of summons and complaint *prima facie* evidence of substituted service on the defendant*); Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process was therefore properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.062.

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.   Halsted failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Second Motion for Entry of Clerk's Default (Doc. 15) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant Halsted Financial Services, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record